CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 1 1 2022

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION
57 W. MAIN STREET, CHARLOTTESVILLE, VA 22902
(434) 296-9284

| | |
|---|---|
| DOUG ALLEN BERNACCHI, *PRO SE*<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH, THE SUPREME COURT OF UTAH, PAIGE PETERSEN, MATTHEW B. DURRANT, JOHN A. PEARCE, THOMAS R. LEE, DENO HIMONAS, CLERK NICOLE GRAY, CHRIS DAVIES, UTAH STATE BAR, HEATHER THUET, ELIZABETH WRIGHT, NANCY SYLVESTER, SUPREME COURT'S OVERSIGHT COMMITTEE FOR THE OFFICE OF PROFESSIONAL CONDUCT, BILLY WALKER, EMILY LEE, ADAM C. BEVIS, DECEASED, c/o JEFFREY BEVIS, Trustee/Living Trust of Adam Bevis (a Nevada *INTER VIVOS* TRUST entity), LAURAM. GRAY, and Other UNKNOWN DEFENDANTS at the time of filing,<br><br>Defendants. | Case No. 3: 22 - cv - 15<br><br><br>Presiding Judge<br><br>Hon. Norman K. Moon<br><br><br>EMERGENCY TRO REQUESTED STAYING CERTAIN UNJUST PROCEEDINGS IN UTAH<br><br>&<br><br>JURY TRIAL DEMANDED (for damages portion only) |

## COMPLAINT FOR
## EMERGENCY TRO AND INJUNCTIVE RELIEF.
## FOR DECLARATORY RELIEF,
## FOR VIOLAION OF CIVIL RIGHTS (Federal and state protected), FOR DAMANGES FOR TAKINGS, AND UNDER CIVIL RICO, FOR FEDERAL AND PENDNET STATE TORT CLAIMS, AND FOR OTHER DAMAGES

I, Plaintiff Doug Allen Bernacchi, a resident of the Commonwealth of Virginia since 2018

(before the subject Utah cause commenced), make this COMPLAINT for an Emergency TRO, then

for declaratory relief and damages to obtain justice for the violating of my Civil and Constitutional

Rights in Utah beginning in September 2019 and continuing in earnest yet, and without any Utah

1

State Interest whatsoever, whereby the named Defendants, individually and/or collective outside the scope any possible sectioned or needed official conduct have acted, and continue *Ultra Vires* acts, unconstitutionally to (i) deprived the Plaintiff of his property right to reinstate after a year of suspension in Illinois without due process of law in violation of the Fourteenth Amendment; (ii) violated the Privileges and Immunities clause to harm and harass a non-Utahn citizen who divested his Utah real property, and resigned his Utah law license and state bar membership in writing many decades ago: (iii) violated his first amendment right to permanently and peacefully disassociated from Utah for cause (or not), seeking to suspend an already resigned and/or suspended attorney, denying his earlier expressed boycott of the State and the Utah State Bar; (iv) denied him equal protection of the law in violation of the Fourteenth Amendment; (v) placed an undue burden upon interstate commerce in violation of Art. I, § 8, of the United States Constitution, and engaging in Civil RICO to defraud Utah trial courts, file false police reports, a crime, and now seek to proceed before a 3/5ths dismantled Utah Supreme Court by recusals of the duty-bound Justices without much explanation.  Seeking on April 13, 2022, possibly by using unnamed and unknown ad hoc replacements who were never vetted or appoint to the Utah Supreme Court without notice, and contrary to the state's own conditional articles and caselaw requiring a full court to rule on Constitutional matters, and only the Utah Supreme Court to hear attorney discipline matters, which Utah claims this is, despite being well outside and barred by the Utah Statute of Limitations regarding all matters of attorney discipline which was 4 years since the last represent of "the client" from whom attorney misconduct was raised (now 5 years ex post facto), but Mr. Bernacchi, not an attorney retired since 8/1/2017, and who ceased representing the client who was not a victim or subject to any damages on July 31, 2013, which thus makes this case a takings case warranting substantial damages.

**PARTIES**

1. <u>List all Plaintiffs</u>. State the full name of the Plaintiff, address, and telephone number. Do the same for any additional Plaintiffs (N.A.).

   a. **Plaintiff No. 1:**
   DOUG ALLEN BERNACCHI.  EMAIL: dbernacchi@gmail.com
   760 WALKER SQUARE, APT. 4B
   CHARLOTTESVILLE, VA 22903
   (540) 324-8444 HOME
   (574) 210-4688 CELL

2. <u>List all Defendants.</u> State the full name of the Defendant, even if that Defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each Defendant may be served.  Make sure that the Defendant{s} listed below are identical to those contained in the above caption of the complaint.

   **Defendant No. 1** (with multiple addressees to serve):

   STATE OF UTAH c/o HON. GOV. SPENCER J. COX
   350 N. State Street, Suite 200
   P.O. Box 142220
   Salt Lake City, UT  84114-2220
   Tel. (801) 538-1000

   STATE OF UTAH
   C/O UTAH ATTORNEY GENERAL
   Sean D. Reyes
   350 North State Street, Suite 230
   P.O. Box 142320
   SLC UT 84114-232
   Tel. (801) 336-0260
   uag@agutah.gov

   STATE OF UTAH
   c/o Utah Solicitor General 350 N. State Street, Suite 230
   P.O. Box 142320
   Salt Lake City, Utah 84114-2320
   Tel. (801) 336-0260
   notices@agutah.gov

**Defendant No. 2:**

UTAH SUPREME COURT
450 S. State Street
Salt Lake City, UT 84111
Tel. (801) 578-3900
supremecourt@utcourts.gov

**Defendant No. 3:**

HON. PAIGE PETERSEN
JUSTICE OF THE UTAH SUPREME COURT
450 S. State Street
Salt Lake City, UT 84111
Tel. (801) 578-3900
supremecourt@utcourts.gov

**Defendant No. 4:**

HON. MATTHEW B. DURRANT **(RECUSED)**
CHIEF JUSTICE OF THE UTAH SUPREME COURT
450 S. State Street
Salt Lake City, UT 84111
Tel. (801) 578-3900
supremecourt@utcourts.gov

**Defendant No. 5:**

HON. JOHN A. PEARCE
JUSTICE OF THE UTAH SUPREME COURT
450 S State Street
Salt Lake City, UT 84111
Tel. (801) 578-3900
supremecourt@utcourts.gov

**Defendant No. 6:**

HON. THOMAS R. LEE **(RECUSED)**
ASSOCIATE CHIEF JUSTICE OF THE UTAH SUPREME COURT
450 S State Street
Salt Lake City, UT 84111
Tel. (801) 578-3900
supremecourt@utcourts.gov

**Defendant No. 7:**

HON. DENO HIMONAS **(RECUSED)**
JUSTICE OF THE UTAH SUPREME COURT
450 S State Street
Salt Lake City, UT 84111
Tel. (801) 578-3900
supremecourt@utcourts.gov

**Defendant No. 8:**

COURT CLERK NICOLE GRAY
CLERK OF THE UTAH SUPREME COURT
450 S State Street
Salt Lake City, UT 84111
Tel. (801) 578-3900
supremecourt@utcourts.gov

**Defendant No. 9:**

CHRIS DAVIES, ESQ.
PRESIDENT UTAH STATE BAR
645 South 200 East
Salt Lake City, Utah 84111
Tel: (801) 531-9077
gencounsel@utahbar.org

**Defendant No. 10:**

UTAH STATE BAR
c/o NANCY SYLVESTER GENERAL COUNSEL UTAH STATE BAR
645 South 200 East
Salt Lake City, Utah 84111
Tel: (801) 531-9077
gencounsel@utahbar.org

**Defendant No. 11:**

HEATHER THUET , PAST PRESIDENT
UTAH STATE BAR
645 South 200 East
Salt Lake City, Utah 84111
Tel: (801) 531-9077
gencounsel@utahbar.org

**Defendant No. 12:**

ELIZABETH WRIGHT, FORMER GENERAL COUNSEL
 UTAH STATE BAR
645 South 200 East
Salt Lake City, Utah 84111


**Defendant No. 13:**

NANCY SYLVESTER
GENERAL COUNSEL UTAH STATE BAR ·
645 South 200 East
Salt Lake City, Utah 84111
Tel: (801) 531-9077
gencounsel@utahbar.org


**Defendant No. 14:**

SUPREME COURT'S OVERSIGHT
COMMITTEE FOR THE OFFICE OF  PROFESSIONAL CONDUCT
c/o Judge Diana Hagen, presiding P.O. Box 142330
 Salt Lake City, Utah 84114-6800  (801) 538-1146  judicialperformance@utah.gov


**Defendant No. 15:**

BILLY WALKER
Chief Disciplinary Counsel
OFFICE OF PROFESSIONAL CONDUCT
645 South 200 East
Salt Lake City, UT 84111
Tel. (801) 531-9110 Fax (801) 531-9912
bwalker@opcutah.org

**Defendant No. 16:**

EMILY LEE, ESQ.
OFFICE OF PROFESSIONAL CONDUCT
645 South 200 East
Salt Lake City, UT 84111
Tel. (801) 531-9110 Fax (801) 531-9912
elee@utahopc.org

**Defendant No. 17:**

ADAM C. BEVIS, DECEASED, substututing
JEFFREY BEVIS Trustee of the Living Trust of Adam Bevis (a Nevada entity),
C/O COUNSEL OF RECORD NANCY SYLVESTER GENERAL COUNSEL
UTAH STATE BAR
645 South 200 East
Salt Lake City, Utah 84111 Tel: (801) 531-9077 g
encounsel@utahbar.org

**Defendant No. 18:**

LAURA MILLIKAN GRAY, ESQ.
1555 Stratford Ave S
Salt Lake City, UT 84106
Tel. (801) 983-3309

# JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws, or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case. Federal courts also have jurisdiction over cases where the United States is a Defendant.

3.  What is the basis for federal court jurisdiction?

X. Federal Question        Diversity of Citizenship        ☐ Government Defendant

a.  This is a civil action of diversity of citizenship, with Plaintiff a resident of Virginia, and Utahan and the State of Utah (a state which has also has registered with the VA SOS, its offices in Virginia for seeking United States Research grants and funding) involving one or more common questions of fact in different districts; no state save Utah has sought to discipline a non-attorney reaching into Virginia for attorney discipline, except for practicing law without a license that is not at all in issue here.

b.  Every Federal District Court must <u>not</u> allow any state to abuse its authority or engage in court abuse of non-citizens. Utah has proven to be a hostile jurisdiction, with rigged justice, no quorum on its highest court, devoid of real rule of law or even an ounce of common sense, likely to continue to cover up the errors and lack of due diligence by their Office of Professional Conduct (OPC), which was a division of the UTAH STATE BAR when this

7

case commenced, but is now not a division after some ABA Review and Audit conducted of their known-biased and Unconstitutional Attorney Disciplinary framework.

c. A TRO and permanent injunction are sought to stop further lawlessness, with a hearing scheduled for April 13, 2022, and a no action taken on motions regarding the lack of a quorum, after 3 or 5 justices recently recused themselves including the Chief Justice, and where there are Constitutional Questions that require a ruling by the "Full" Court.

4. If the basis for jurisdiction is Federal Question, which Federal Constitution, statutory or treaty right is at issue? List all that apply.

a. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332, 18 U.S.C.A. §§ 1961-1968 and 42 U.S. Code § 1983, and since Utah has repeatedly reached out to the Plaintiff residing in Charlottesville, and the Defendants have not hesitated to seek to damage him here with zero Utah-state interest, submitting themselves to the Division and District.

b. This Court has jurisdiction to grant declaratory and further proper relief pursuant to 42 U.S. Code § 1983, 18 U.S.C.A. §§ 1961-1968, and 28 U.S.C. §§ 2201-2202 and Federal Rules of Civil Procedure 57 and 65.

c. Under 18 U.S.C.A. §§ 1961-1968, and 28 U.S.C. § 1391, Venue lies in this District in Virginia where the Plaintiff resided when Utah filed a  frivolous civil actions Ex Parte, untimely, and barred by the applicable Utah SOL,  and without any legitimate state interest attacking the Plaintiff seeking to draw him into court in Utah (a state he left permanently in 2005), resulting in him being attacked on September 9, 2019, and harassed until this day by all the Utah Defendants, and violating certain provisions of US Constitution and violating his civil rights by keeping him from working as remote document reviewer which requires him to reinstate his Illinois law license or to acquire one in any jurisdiction,

d. This case does not implicate the *Rooker-Feldman* doctrine[1] because, at the time the Plaintiff

---

[1] Under the *Rooker-Feldman* doctrine, litigants may not bring suit in federal district court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).  The Court of Appeals for the Seventh Circuit has reminded district courts repeatedly that the *Rooker-Feldman* doctrine divests a district court of jurisdiction only in cases where "the losing party in state court filed suit in federal court after the state proceedings ended." *Parker v. Lyons,* 757 F.3d 701, 705 (7th Cir. 2014) (citing *Exxon Mobile,* 544 U.S. at 291)). *See also Straw v. Indiana Supreme Court,* 692 F. App'x 291, 294 (7th Cir. 2017) (*Rooker-Feldman* inapplicable "because [plaintiff] filed the federal action before he received a final judgment in state court."); *Turner v. Godinez,* 693 F. App'x 449, 453 (7th Cir. 2017) (*Rooker-Feldman* inapplicable where state case was still pending in state appellate court at the time that the federal action was filed)l  In *In Re Straw,* a similar Indiana DI case, reciprocity was dismissed and not granted by Virginia's bar disciplinary Commission stated [of Straw's Indiana DI action] "they have 'all the grace and charm of a drive-by shooting.' " Va. State Bar DOCKET NO.: 17-000-108746, p.3 [https://www.vsb.org/docs/Straw-062217.pdf]

filed this lawsuit, there is no final order in the Utah State Court case which remains on appeal to a dismantled Utah Supreme Court, legally unable to act, as of April 11, 2022, avoiding irreputable harm requires injunctive relief and declaratory relief that no Utah Jurisdiction existed since September 2005 over this elderly Plaintiff residing in Virginia.

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

**PLAINTIFF: THE COMMONWEALTH OF VIRGINIA**

**DEFENDANTS: UTAH** (REACHING INTO VIRGINIA, AND WITH REGISTERED STATE OFFICE(S) WITH THE VA SEC. OF STATE FOR PURPOSES OF SEEKING UNITED STATES SPACE RESEARCH GRANTS AND FUNDING FOR ITS STATE, AVAILING THE STATE OF UTAH.)

# STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Do not give any legal arguments or cite cases or statutes. Each paragraph must be numbered separately, beginning with number 6. Please write each single set of circumstances in a separately numbered paragraph.

---

*No state, Utah included and as Virginia in <u>In Re Straw</u> (or any jurisdiction) should ever accept any Indiana DI cases as conclusive **from 2010 through 2022** without a full faith and credit hearing on the merits — that is to say, from the time when the Indiana Supreme Court Attorney Disciplinary Commission was corrupted by its recently-resigned, former Director G. Michael Witte, a biased and failed state court judge rebuked by voters only to be appointed Executive Director. Attached in <u>Exhibit A</u> is an unsolicited text thread from Attorney Aaron Negangard, Indiana Deputy AG and the former Dearborn County Republican Party Chairman who knew Mr. Witte best. He admits he was a "not good" which is an understatement. Clearly, what Ex. Dir. Witte did to Attorneys Andrew Straw [https://www.vsb.org/docs/Straw-062217.pdf], Doug Bernacchi, Patrick Rocchio [http://www.peoplevstate.com/?p=885], Paul Ogden [http://www.ogdenonpolitics.com/2013/07/], and to so many other Northern Indiana lawyers far from Indianapolis must be reviewed and investigated. He systematically denied due process and somehow, used paid witnesses to lie under oath, he enriched himself as a public servant, owning multiple lakefront properties in Brown County IN and in Tennessee.
(Help from the FBI has been and is being sought.)*

## INTRODUCTION

6.    Justices Petersen and Pierce are listed solely to give them notice of this casue.

7.    This is an emergency with Oral Arguments Scheduled for 4/13/2022 and a majority of the Justices have recused themselves, confusing as to how that court can conduct business, if at all.

8.    First the Plaintiff learned that Justice Geno Himomas[2] recused himself, then the Clerk told him that Associate Chief Justice Thomas R. Lee[3] had recused and he received a notice that Chief Justice Matthew B. Durrant[4] had need to do so as well, leaving only 2 duly appointed Justices which lead to the filing of a Motion to Dismiss nunc pro tunc for lack of a fair judicial proceeding based on known rules, etc, and lack of a quorum, historically required in Utah, retroactively dismissing the casuse back to September 9, 2019.

9.    On September 9, 2019, C.J. entered an Ex Parte Order dragging this Virginian, non-lawyer, into a the Third District Court for SLC which lacked subject matter jurisdiction expressly under Art. 8, sec. 5 of the Utah Constitution which in Art. 8, sec 4 pre-empts jurisdiction exclusively to the Utah Supreme Court in matters of discipline involving "persons admitted to practice law" in Utah.

10.  The issue of defining "admitted" cannot now be left to some panel of justice, ad hoc, other than to the Supreme Court of Utah ("SCOUT"), itself.

---

[2] Justice Himonas entered an order stating that Mr. Bernacchi, the Appellant, would not be prejudiced by the SCOUT denial of a third party's Amicus Curie Brief, upon a request for reconsideration stating he could include those arguments in the Appellant's brief.
[3] When Mr. Bernacchi sought to include those arguments and filed a motion for leave to file overlength brief, he was in fact prejudiced when Justice Lee denied the motion.  As similar motion for overlength reply brief was also denied by Justice Lee, who now recused himself without any other explanation for having done so.
[4] C.J. Durrant entered an order for Venue on September 9, 2019, without a cause number and unappealable contrary to article 1 and art 9 of the Utah Constitution and his office rejected Mr. Bernacchi's letter April 24, 2020 asking for reconsideration. There has been systemic bias toward the plaintiff in Utah and all of his pleading were struck and a default entered contrary to the law and facts and reversing a prior court order denying default when default was not even before the court.  All of which is on appeal, but now there is no court to hear it.

11.   Mr. Bernacchi was once admitted, but resigned in 2005, and never heard from Utah until in April 24, 2020.  Never paid bar dues and except in January 2020, he confirmed by email that he was, in fact, "resigned" from the Utah Bar.   He is not "admitted."

12.   I have filed an Emergency Motion with SCOUT and have no response or understanding how this case can proceed.  See Attached as Exhibit A, is the most current pending motion and reply. A SCOUT Order wrongly interprets the Motion to Dismiss as "a motion to continue" oral arguments, which delays speedy justice and is not just, a reply was filed, which is also attached hereto.  Enough is enough, and so, I am forced not seeking to litigate anything anywhere, but now forced to do so in earnest and seek an Emergency TRO staying Utah until this court can review this ongoing, long, and futile and frivolous case initiated by Utah against a non-lawyer, non-Utah citizen, for attorney discipline absent any nexus or legitimate state interest.

13.   I, the Plaintiff, *pro se*, am a U.S. citizen since my birth in 1959, with a Virginia Driver's license, 62.8 years old, an often-physically challenged retiree, residing permanently in Charlottesville VA, where I have voted in the past two (2) election cycles.

14.   I never held a Utah driver's license or ever voted in any election in Utah in my life, nor represented a single Utah Citizen is any matter(s) involving Utah Law, or in a Utah State Court.

15.   I am not a "Person admitted to practice law" in Utah as required by the Art. 8, Sec. 4 of the Utah Constitution to ever be subjected to the harassment ongoing now for nearly 2.5 years.

16.   Again,  *pro se*, I am not a lawyer in any jurisdiction for many years.  Thus, I request E-Notice of all filings, and permission to file by email the clerk or deputy clerk designate.

17.   My coversheet is included.

18.   My email address is: dbernacchi@gmail.com. My local number is (540) 324-8444, with my cell SMS number as: (574) 210-4688.

19.    I am financially indigent, due to emergency unable to timely file a sealed I*FP* motion to proceed as such, so my filing is being paid herewith my walked in flat filings.

20.    As having been politicly attacked before relocating here, when in 2015-16, I ran for St. Joseph Circuit Court judge sitting in South Bend, IN (I later learned that that vacated court bench had jurisdiction over Mayor Pete Buttigieg's "Police Tapes" case, which remains sealed and restricted from public view yet today and for no good or legitimate reason), with Republican primary nomination in Democrat County of Indiana. I can only surmise that those attacks started to assure I would never have an opportunity to learn all nefarious information re the SBPD which has been ever since covered up. I made no public statements about any pending cases, statements about my opponent, or the law, and I complied with all elections and ethical rules while running for office.

21.    There was a media driven attack on me with fake news and repeated stories about my being investigated for Attorney Misconduct. The source of the attack(s) was the local Democrat Party, of which my opponent, now Circuit Court Judge John E. Broden, was the servings county chairman of that organization.

22.    I was railroaded by Indiana in a DI ethics case, and then again, by Illinois and the IL ARDC, and was never given any hearings despite requesting them under standard that I met, other a completely rigged, sanction hearing in Lake County, IN on Dec. 19, 2019, with no witness allowed by my counsel or me, even in rebuttal of the actual state sponsored perjury to prove damages alleged by a client that I had never even me. She took my livelihood and my hard-earned law licenses in Indiana and Illinois, and I have never been able to restore my property rights, and now Utah has sought to assure same, illegally.

23.    I spent 27 years as full-time practicing lawyer, was board certified as a Consumer Bankruptcy Specialist, and I, a married father of 4, had no history of any ethical issues or cases.

My wife of 41 years resides with me at Walker Square in Charlottesville, and she works for undoubtedly the two (2) most prominent employers in Albemarle County.  We are fine citizens and good members of society, despite being deluged with Utah's false narratives and shameful, false ethics case convictions.

24.    No matter how much maquillage Utah, Illinois, 7th Circuit, and Indiana tries to spread on the situation, My family, my wife, and I have been attacked with ongoing fake ethics investigations, put in a Gen.-Flynn-style perjury trap, threatened with process crimes, and railroaded without witnesses, or facts to proof any of the allegations of misconduct, denied any hearing on the merits or any right to present witnesses in rebuttable at a single rigged sanction hearing in Lake County.

25.    That county of Indiana is the widely accepted as corrupt, a democratic party controlled County of Indiana (located closest to Chicago).

26.    So, for hiring a paralegal for $15.00 to efile my electronic appearance on a contract, who was not an employee, I was wrongly suspended by Indiana for only (1) year only in 2017. Despite passing the MPRE and my lawyer filing pleadings way back in November 2019, I have then never been reinstated, or granted a hearing in Indiana, and remaining for many years now suspended as a falsely disciplined attorney in Indiana.   The Defendants have conspired with persons in Indiana and Illinois and refuse to be transparent about this collusion of bar counsels to circumvent their state Supreme Court rulings, seeking to control my destiny, illegally.

27.    This lawsuit is required at this time, since I was targeted again in Utah by a cabal of corrupt, colluding, very much a Nazi-soldier-like group of Defendants, and enough is enough.

28.    I have never been "vexatious" or any of the other things the OPC and this Utah cabal seem to tout repeatedly in their "false narratives," seeking to deny me due process and justice.

29.     Last week, another Utah SLC Third District Judge Andrew Stone dismissed my lawsuit there under Utah's equivalent Rule 12(b) against two defendants -- not named here, who made a perjurious sworn affidavit and allowed it to be misused to obtain a court order from a Judge Corum by deceit. Judge Stone correctly ruled I was not a "Vexations" litigant but then wrongly ordered me to pay Rule 11 sanctions, which now is also under appeal to the Utah Court of Appeals-- but this shows that this Plaintiff has experienced more than one case of rigged/fixed justice in Utah. favoring the parochial parties and or their high-powered local lawyers, making it necessary now to avoid more of the same.

30.     Despite my professional and personal reputation of being honest and fair, a father of many and a devoted husband, never having any issues of moral turpitude and making reasoned choices over a long live, and engaging in much public service, a false narrative seems to have taken hold wrongly, and Utah has furthered that by denying me access to justice, to the courts to redress damages, and seeks to cover up local wrongs

31.     The facts are I have been extremely complaint with all suspensions and served all fully, and I have sued at last resort and have been extremely patient and understanding while facing an apoplectic situation.

32.     My Indiana law practice suffered when I was publicly investigated in early 2016. Hence, I have not had any meaningful work, employment, or income since mid-2017. I had so many non-law jobs which end as soon as background checks show that I was ruled an ethical person. I have always been ethical and had a long history of being an honest broker at the Chicago Mercantile Exchange and at 57 running for judgeship, I did not change my stripes. This is all a farce, legal abuse, harassment, and enough is enough.

33.    I am living with my wife of 41 years, only with the financial assistance of our adult daughter and her husband.  We have three (3) other children who have suffered severely from the ongoing court abuse and the immeasurable damages to their parents.

34.    Ms. Perry (the so-called "client" or requisite complaining client), who I have never met other than on several phone calls, did not lose her home, but we, the Bernacchi's, did.

35.    Ms. Sharon Brown Perry perjuriously blurted out under oath at a December 19, 2016, "Sanction Hearing" (there was no hearing ever on the merits) in Lake County Gov. Center that she had "lost her home that she shared with her grandson because of Attorney Bernacchi."

36.    Kalamazoo Michigan County recorded real property records show that she, Ms. Sharon Brown Perry, lost her home that she had purchased on a land contract at least a year before ever she hired Attorney Bernacchi in May 2013 to be her lawyer.

37.    It wasn't possible he caused that loss of hers and Ms. Perry, "the client" who Bernacchi never met in person, engaged in state-sponsored perjury.

38.    His representation of her was in a child support case, and ended on July 31, 2013, and she recovered several thousand dollars in back child support from the tax refunds of the mother of the 17-year-old grandson, **and Ms. Perry failed to appear; Bernacchi was punished for her own negligence, regardless of the facts, rules, and/or law, requiring due process.**

39.    Although I practiced law in Nov. 2004 to Aug. 2005 before the Utah Bankruptcy Courts as an ABC Board Certified Consumer Bankruptcy Lawyer, I never practice law before any Utah state court, or under the color of state law, ever.

40.    I was, in fact, an attorney licensed in Utah in Oct. 2004 until resigning in Sept. 2005 when I resigned from the Utah Bar in writing.

41.     I never paid any Utah Bar dues, nor took or reported Utah CLE, or ever heard from them again for a decade and half.  (If some payment was paid to Utah, it was done by a law office manager unknown to me.). My relationship with Utah was ended, communicated, and confirmed, using a Utah State Bar program called "Lawyers helping lawyers" to substitute counsel in all open Utah cases, which involved notice to all, including the Utah State Bar.

42.     I left Utah for good cause after experiencing ridiculous court abuse in Utah once before after I purchased a home out from under some Latter Day Saints (LDS) high muckety-muck unknown to me, a "stake leader or church bishop," and then faced his or followers' rath of false police reporting as well as an attempt to burn our new home was done by the intentional break in and the cutting of our family homes inside furnace gas line -- likely to cause a natural gas explosion.

43.     WE ALL AGREED 6-0 as a family to leave Utah now back in July 2005, and we sold our Sandy "ski home" to the first bidder, accepting the first offer, and we left Utah intending never to return to the LDS judgmental and creepy area of the country.

44.     I resigned in writing from the Utah State BAR and the Utah Courts, before which I had not yet practiced, for said reasons, including being out on bond for false criminal charges when inducted into the BAR.  The record was sealed, and that entire experience was a farce and illegal, too. (I later sued in Federal District Court in N.D. Illinois, settled, and recovered in a sealed case.)

45.     We, my family and I, have legally boycotted Utah since, until they attacked me again, which I learned of on April 24, 2020 from some clerk at the Illinois ARDC when I was seeking readmission, who was requesting I come down immediately and pay my $1500.00, the required and recently greatly increased Illinois reinstatement fee, at that time, only to learn that I had drawn some sort of DI case in Utah of all places, making me unable to be readmitted in Illinois,

but not stopping for my fee to be requested being paid that day. I refused to pay it because it was not due until June 22, 2020, as due according to the rules, and I told the IL ARDC, I was moving back to Virginia. Illinois had lied to me and cost me too much money already without good faith, a hearing, or due process, but wanted me to pay $1500.00 knowing I was being attacked in Utah.

46.     A copy of my April 24 Letter objecting to jurisdiction is marked Exhibit C is attached hereto in and incorporated herein by reference.

47.     Utah Supreme Court, Utah's 3rd District Court, the OPC then a division of the Utah State Bar in Sept. 2019 has no jurisdiction over me.

48.     Another plaintiff filed a related case for his denial consideration of his voice as a former Indiana Supreme Court employee with first-hand knowledge that Indiana Supreme Court Violates Due Process and fundamental rights in DI cases based on his well-informed testimony.

49.     I filed a Motion to Intervene in 2:22-cv-00023-CMR (Doc 15), but my case is much broad and involves more Defendants, claims, and damages as well as an immediated need for injunctive relief.

50.     Utah has rules that exclude or except Reciprocal Attorney Discipline under then Rule 15-422 (see Exhibit E) where due process was denied a Respondent or where Utah doesn't similarly or at all under the facts, such as here where I was punished for hiring a paralegal under a contract who was not an employee, and where Utah never found that conduct unethical or not protected by one's Constitutional Right to Contract.

51.     Utah has never had any caselaw where such exceptions have been applied and I find no evidence that rules are ever applied by the Utah Office of Professional Conduct (OPC), Billy Walker, Jeffrey Bevis, deceased, or those who oversee or advised them. And Judge Corum did

not apply these rules in my case, even if he had jurisdiction, so appeal to the full SCOUT followed.

52.    I appealed to the Utah Court of Appeals, but like District Courts are supposed to be, the Utah Court of Appeals has no subject matter jurisdiction which is pre-empted and exclusive the SCOUT, the first named defendant.

53.    Without a cause number or any ability to appeal, which a Utah Const. right and likely a federal right as well, (my letters were returned to me by the Clerk with an admonishment per his request, not to ever again email or write to the Defendant Chief Justice Matthew Durrant, even to seek reconsideration of his unreviewable and wrong "Venue" order that was entered Ex Parte on August 9, 2019.  See Exhibit C attached like all exhibits hereto and incorporated herein by reference(s).

54.    Again, I learned of the Ex Parte and incomprehensible Utah case on April 24, 2020, and my letter is attached as Exhibit C.

## FACTS & LAW

55.    Utah Constitution, Article VIII, Section 4.  [Rulemaking power of Supreme Court -- Judges pro tempore -- Regulation of practice of law.] The Supreme Court shall adopt rules of procedure and evidence to be used in the courts of the state and shall by rule manage the appellate process. The Legislature may amend the Rules of Procedure and Evidence adopted by the Supreme Court upon a vote of two-thirds of all members of both houses of the Legislature. Except as otherwise provided by this constitution, the Supreme Court by rule may authorize retired justices and judges and judges pro tempore to perform any judicial duties. Judges pro tempore shall be citizens of the United States, Utah residents, and admitted to practice law in Utah. The Supreme Court by rule shall govern the practice of law, including admission to practice law and the conduct and discipline of persons admitted to practice law.

18

56.    But now that court has been dismantled by virtue of recusals making justice there impossible.

57.    Besides, the Supreme Court of Utah has no power of me or to discipline me, a person **NOT** admitted to practice law in Utah, or ANYWHERE, and this court must stop this bizzare and frivolous attack on me and my family name.

58.    I, Doug Allen Bernacchi, do not live in Utah and have not for many years, over 16 years, having left by the first week of August 2005.  I never lived there full time, but purchased real property there in August 2004 and sold said "Sandy Utah ski home" with its closing in September 2005.  It is all so, so long ago.

59.    I do not provide any legal services to Utah residents or anywhere and hold no law license anywhere at this time, but somehow, I have become a target for untimely, SOL-barred[5], and long-delayed Utah reciprocal attorney discipline based on discipline that was not based on due process in Indiana for an $850.00 fee case in 2013, making all this so out of balance to the scales of justice.

60.    All attorney discipline must be reasonable, based on some real state interest and based on rules that pass Constitutional muster and are equally enforced and this cause fails to meet that basic standard.

61.    Judge Patrick W. Corum, the maker of the ruling(s)  on appeal in case 20210034 SC had no jurisdiction, because NO District Court in Utah ever has jurisdiction of Attorney Discipline matters as a matter of Utah Constitutional Law, reading Art. VIII, §§ 4 and 5 in order—one sentence at a time.

---

[5] See Exhibit F. Utah SOL in effect on September. 9, 2019, the date of the Venue ruling in Exhibit B.

62.    As a threshold matter, Plaintiff contends that all Utah courts lacked subject-matter jurisdiction, and the Third District Court Corum Team acted flatly inconsistent with the plain language of the state's 1985 amended constitution.

63.    Article VIII, Section 5. [Jurisdiction of district court and other courts -- Right of appeal.] The district court shall have original jurisdiction in all matters except as limited by this constitution or by statute, and power to issue all extraordinary writs. The district court shall have appellate jurisdiction as provided by statute. The jurisdiction of all other courts, both original and appellate, shall be provided by statute. Except for matters filed originally with the Supreme Court, there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction, but not in my case. Ex Parte, venue was granted. See Exhibit B. Venue here for this cause is far more appropriate.

64.    When personal and subject matter jurisdiction exists in Utah, then the standard is as follows: "In attorney discipline cases, "we must treat the ultimate determination of discipline as our responsibility." [So, we must] "make an independent determination of the correctness of the discipline the district court imposed." *Santana v. Office of Prof'l Conduct (In re Discipline of Santana)*, 2021 UT 39, 6 (Utah 2021).

65.    But Utah state "District Courts" are excepted subject matter jurisdiction as explained above and are pre-empted under the 1985 amended Constitution which has not been accurately applied by the Utah Supreme Court, which may be a "bombshell" but a fact, nonetheless.

66.    The Utah Constitution gives this court "plenary authority to govern the practice of law. This authority is derived both from our inherent power and-since 1985-explicit and exclusive constitutional power." *Injured Workers Ass'n of Utah v. State*, 2016 UT 21, ¶ 14, 374 P.3d 14; Utah Const, Art. VIII, § 4 ("The Supreme Court by rule shall govern the practice of law,

20

including ... **discipline of persons admitted to practice law**.") (Bold and underlining emphasis added); *see Barnard v. Utah State Bar,* 804 P.2d 526,528 (Utah 1991) ("[T]he authority of this Court to regulate the admission and discipline of attorneys existed as an inherent power of the judiciary from the beginning."); *In re Burton,* 246 P. 188,199 (Utah 1926) ("[This court's] power to deal with its own officers. including attorneys, is inherent, continuing, and plenary, and exists independently of statute...."). *Office of Professional Conduct v. Bowen (In re Bowen)*, 20190288, at *1 (Utah Sep. 2, 2021), quoting *Rose v. OPC,*424 P.3d 134,146-47 (Ut 2017).

67.     However, the Court can <u>only</u> deal with its "own officers," including attorneys, <u>who are "persons admitted to practice law" to be clear</u>.  Utah Const, Art. VIII, § 4.

68.     Bernacchi is not in that class. He resigned in writing as lawyer in Utah in 2005. He did so by hand delivering his "letter of resignation" to the Utah Bar in person to the Bar's office building in SLC. He left the state permanently —immediately following the real estate closing for 9770 S. Inspiration, Sandy, more than a decade and a half ago.  (See R.00695, No. 5.)

69.     Beginning in 2006, the next year, Bernacchi being "resigned" went for more than three (3) consecutive years not paying any Utah Bar dues, and henceforth (in fact, more like 16 years) (See R.00694, No. 2).  He neither paid bar dues <u>nor</u> reported any Continuing Legal Education courses ("CLEs") required of Persons Admitted to Practice Law in Utah.  He received timely notice(s) from the Utah Federal District and United States Bankruptcy courts that he was removed.  He would not return.

70.     "While States have broad power to regulate economic activities, there is no comparable right to prohibit peaceful political activity such as that found in the boycott...." *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 912-915 (1982).

71.     Bernacchi and his family boycotted Utah, and left Utah for cause.

72.    The equal protection clause if applied must conclude that District Courts have

no jurisdiction of his case or any Attorney Discipline matter, consistent with Sec. 5,

See *Barnard v. Utah State Bar*, 857 P.2d 917, 919 (Utah 1993). That case was dismissed by the

District Court Judge for "lack of subject matter jurisdiction," and so, equal protection applies to

the instant case, thus requiring that the ruling pending appeal before the Utah Supreme Court

was made without jurisdiction, warranting the declaratory and injunctive relief sought hereby

73.    Regardless, the parties at the OPC and Utah State BAR and Chief Justice who signed a

venue order are all unwilling to correct their own errors to date.

74.    Instead, I have been hauled into court and expensive proceedings which are so biased and

unfair and legally insufficient while all lacking jurisdictions. See *Utah v. Bernacchi*, 20210034

(Supreme Court of Utah); In the Matter of Discipline for Doug A. Bernacchi,

190907101 (3rd Judicial District Court, Salt Lake County).  All litigated under an on-

going objection to jurisdiction.

75.    I should be immune from discipline so long as I lived in another state and was

not subject to service. *Pennoyer v. Neff*, 95 U.S. 714, 727 (1878):

Process from the tribunals of one State cannot run into another State, and summon
parties there domiciled to leave its territory and respond to proceedings against them.
Publication of process or notice within the State where the tribunal sits cannot create any
greater obligation upon the nonresident to appear. Process sent to him out of the State,
and process published within it, are equally unavailing in proceedings to establish his
personal liability.

76.    It is indisputable that Defendants OPC by *respondeat superior* over its staff

Barbara Townsend, Toni L. Alison, and Cynthia Schut was involved in creating a

defamatory *perse* "affidavit" dated December 27, 2019, that was used to avoid

dismissal for lack of service of process, which is the subject of separate litigation.

77.    It is indisputable that Affidavit of Toni L. Allison was filled with unreliable

hearsay presented unethically as fact to taint the well of justice with Judge Corum.

22

78.   It is indisputable that Affidavit of Toni L. Allison dated December 27, 2019, was

re-used, and re-filed on March 26, 2019, as evidence that the OPC could was unable

to serve Mr. Bernacchi from December 27th to March 26th, required by the URCP in

order to request permission to serve by alternative means.

79.   It is indisputable based on the record that Judge Corum granted the proposed

order despite the clear lack of evidence required by the URCP, and worse yet he did

so the same day, a day before the matter was submitted for a ruling by the OPC's Ms.

Townsend, showing collusion – all Ex Parte.

80.   This order led to publication 3 times in the South Bend Tribune, when there was

no evidence Mr. Bernacchi was in South Bend, Indiana, and in fact, the OPC was told

I was residing in Chicago, Illinois or Charlottesville, Virginia.  No effort was made to

publish in the C-Ville Progressive or the Chicago Tribune, since the purposes of the

person(s) behind the ongoing attack(s) on me directed the OPC to the South Bend

Tribune, seeking to further embarrass me and end my political and legal careers there.

81.   There is evidence that Illinois actors and Indiana actors have been involved with

the Utah OPC, and Utah without any state interest is acting to extend the punishment

in those other states, which violates the Privileges and Immunities Clause. Acting

across state lines in such a cause is protected by the U.S. Constitution. Supreme Court

of N.H. v. Piper, 470 U.S. 274, 281 (1985).

82.   Indiana and Illinois both had jurisdiction, Utah has none and violated its own

URCP, seeking to manufacture personal jurisdiction to default Mr. Bernacchi after he

paid $1500.00 to Illinois and then requiring him repaying and refiling in Chicago with

the ARDC there.

83. He was not served as part of a plan to defraud him and extend his punishment and without his knowledge while seeking to libel him and defame him as much as possible.

84. The false narratives of the OPC lawyers named herein as Defendants have led to Requests for Assistance with the Utah OPC, which is a division of the state bar, and so, all administrative remedies have been exhausted. There seems to be no one who regulates the regulators.

85. I the Plaintiff, Doug Allen Bernacchi, am not a citizen of Utah. Utah wanted to deny this basic fact and drag me into court over me ongoing objection to jurisdictions. I am not a resident of Utah. I am not a member of the Bar in Utah. We, my entire family, left Utah in 2005, having been inducted into the Utah state bar in October 2004, never representing any clients in any Utah state court or state law matters in Utah during my 10 months there as a lawyer, and resigning in writing in September 2005.

86. Upon exiting the state of Utah, I tendered a written letter of resignation and both me and my family shared the strong sentiment for cause that we would never return to the state. We unwound our largest investment to leave Utah.

87. Utah, Judge Corum or the Defendants can't just assert jurisdiction. We migrated from Utah for good cause and now, Plaintiff demands damages be paid.

88. In *Zobel*, Justice Sandra Day O'Connor explained:

Article IV's Privileges and Immunities Clause has enjoyed a long association with the rights to travel and migrate interstate. The Clause derives from Art. IV of the Articles of Confederation. The latter expressly recognized a right of "free ingress and regress to and from any other State," in addition to guaranteeing "the free inhabitants of each of these states . . . [the] privileges and immunities of free citizens in the several States." While the Framers of our Constitution omitted the reference to "free ingress and regress," they retained the general guaranty of "privileges and

24

immunities." Charles Pinckney, who drafted the current version of Art. IV, told the Convention that this Article was "formed exactly upon the principles of the 4th article of the present Confederation." Commentators, therefore, have assumed that the Framers omitted the express guaranty merely because it was redundant, not because they wished to excise the right from the Constitution. Early opinions by the Justices of this Court also traced a right to travel or migrate interstate to Art. IV's Privileges and Immunities Clause....Similarly, in Paul v. Virginia, the Court found that one of the "undoubt[ed]" effects of the Clause was to give "the citizens of each State . . . the right of free ingress into other States, and egress from them.... *Zobel v. Williams*, 457 U.S. 55, 66 (1982).

89.    For her, this right predates the Constitution, but it is not recognized in Utah.

90.    Utah and the Defendants have acted to violate that right, dragging a long-departed citizen with no nexus to Utah to be punished in a case with zero state interest, or real OPC purpose other than to harass him, keeping me form seeking readmission in Illinois after service my one (1) year suspension there.

91.    Utah's acted to delay or deny my Illinois rights to seek to reinstate my Illinois Law License, which is proscribed and thus, is actionable. Utah can't do that. I migrated from Utah for good cause and now, I demands damages be paid.

92.    As such Mr. Bernacchi not a threat to Utah or its citizens or subject to the jurisdiction of the state or under the scrutiny of the Office of Professional Conduct since he is not "a person admitted to practice law," under Art. VIII, Sec. 4 of the Utah Constitution.

93.    The Utah case that gives rise this cause of action is not concluded and must be stayed until this United States District Court enters its order(s). **Group Exhibit D includes the Appellants Principal Briefs and the Appellants Optional Reply Brief, and all addendum Exhibits incorporated herein by reference.**

94.    In fact, when this case started, the OPC was a division of the State Bar, and so they are named a liable party from whom substantial monetary, being compensatory, bad faith, special and punitive damages are sought by this cause.

95.    Being a division of the Utah Bar, the Bar is named, and violated the Utah Constitution and during the litigation the Utah OPC was removed from being part of the state bar association.  Similarly, the District Courts of Utah have their jurisdiction provided by the Utah Constitution, amended in 1985, Art. VIII, Sec. 5, whereby attorney discipline matters were preempted by the preceding sentence based on any plain language reading of Sections 4 and 5 of Art. VIII.  Caselaw confirms exclusive jurisdiction with Supreme Court, not district courts, and case against the OPC are dismissed by the district courts consistently for want of subject matter jurisdiction (cites omitted).

96.    The OPC, a division of the Utah State Bar, sought venue in the 3rd District Court, a pre-empted court with no subject matter jurisdiction as a matter of law, in its bogus case against Mr. Bernacchi brought to harass him and keep him from seeking readmission in other jurisdictions and as part of a conspiracy to defraud him, the courts, the Utah Bar, and citizens and taxpayers of Utah.  This misconduct and illegal acts were done mostly Ex Parte.

97.    Utah's old rule, Rule 14-522, on reciprocal attorney discipline and it revised this rule even during the pendency of this cause, which doesn't apply in this case, both violate the Privileges and Immunities Clause of Art. IV, § 2, if they extend the punishment of the original court.  Further, Utah in this case has acted on information and with communications with the Illinois ARDC, leading to a violation the Privileges and Immunities Clause of Art. IV, § 2 by disallowing Mr. Bernacchi to seek readmission in Illinois until this case concludes.   Illinois rule should not be within the power of Utah to affect.  The Illinois Supreme Court entered is order, and then colluding or communicating bar counsels should not be able to alter that order by gaming the rules.

98.   I am being deprived of my property without due process of law, in violation of the Fourteenth Amendment.

99.   Utah's rules and application denies me equal protection of the law, in violation of the Fourteenth Amendment; and placed an undue burden upon interstate commerce, in violation of Art. I, § 8, of the United States Constitution.

100.   Utah Rules and application of it rules violate the Privileges and Immunities Clause of Art. IV, § 2.

101.   The US Supreme Court first stated that the opportunity to practice law is a "fundamental" right within the meaning of *Baldwin v. Montana Fish & Game Comm'n*, 436 U. S. 371 (1978).

102.   "A 1985 amendment to the Utah Constitution ratified the Court's inherent power and expressly provided that the Supreme Court "by rule shall govern the practice of law, including admission to practice law and the conduct and discipline of persons admitted to practice law. Utah Const. art. VIII, § 4." *Bailey v. Utah State Bar*, 846 P.2d 1278 (Utah 1993).

103.   Also, expressly provided in that 1985 Utah Constitution, Art. VIII, Sec. 5. excludes from the Utah District Courts' jurisdiction that which Sec. 4 gives to the Supreme Court exclusively.

104.   Often, the District Court Judges have found they have no jurisdiction in cases filed by lawyers against the OPC for said reasoning.

105.   Yet, Utah still handles DI case in district courts as they did prior to 1985.

106.   The District Courts have no jurisdiction over persons admitted to practice law and that is a two-way street, so to speak, and no jurisdiction over me and others who are not admitted to practice law in Utah.  This is common sense.

107.  Utah had a 4 year SOL from the last date the accused lawyer/"Respondent" represented "the client."  Mr. Bernacchi, the plaintiff, was told to withdraw by "the client" on July 31, 2013 (far more than 4 years ago) and he ceased being her lawyer on her request at that time, never expecting that she had any basis to file a grievance against him, let alone take his livelihood for since 2017 – all over an $850.00 legal fee case and no crimes or where there was no history of attorney misconduct in his long 27-year career practicing law in Indiana

108.  "To be admitted to the Utah Bar, applicants must demonstrate that they have the basic competency necessary to practice law." *Spencer v. Utah State Bar (In re Application of Spencer)*, 293 P.3d 360, 363 (Utah 2012).  This is a requirement to be "Admitted," which is a requirement to subject to the OPC.

109.  "Under rule 14–705, a lawyer who has already been admitted to practice law in a reciprocal jurisdiction may gain admission to the Utah Bar, without taking the examination, if the lawyer has actively practiced law in the reciprocal jurisdiction for the requisite number of years." *Spencer v. Utah State Bar (In re Application of Spencer)*, 293 P.3d 360, 363-64 (Utah 2012).

110.  Conversely, if you are not actively practicing law anywhere for some "requisite number of years," you cannot be eligible to be admitted to Utah Bar. Plaintiff is not eligible to be a person "admitted to practice law" in Utah and he even confirmed this with an employee of the Utah State BAR in Jan. 2019 and has provided many with the email thread showing his status as "resigned." Now they seek say he wasn't resigned but suspended, but still sought to suspend an already suspended attorney.  It is craziness at the height of folly with great costs.

111.  Mr. Bernacchi is <u>not</u> even eligible to be admitted to the Utah Bar, let alone admitted to it.  He would need to sit for the Utah Bar, which is statistically an extremely remote likelihood approaching zero from the right.

112.  **The only standard that applies here does the Appellant pose a substantial threat of irreparable harm to the public, if not, there is no state interest for the OPC to involve itself in.**  See *In re Discipline of Johnson*, 48 P.3d 881 (Utah 2001).

113.  The power of  SCOUT to regulate the practice of law is explicitly set forth in article VIII, section 4 of the Utah Constitution: "The Supreme Court by rule shall govern the practice of law, including admission to practice law and the conduct and discipline of persons admitted to practice law." *Utah State Bar v. Summerhayes Hayden*, 905 P.2d 867 (Utah 1995).

114.  It would be a crime for Mr. Bernacchi act as persons admitted to practice law in Utah under Utah's rules; yet defying logic, the defendants say he is a person admitted to practice law in Utah?  It can't be an honest claim they make in verified pleadings.

115.  "Any person not duly admitted and licensed to practice law within this state, or whose right or license to practice therein shall have terminated either by disbarment, suspension, failure to pay his license fee or otherwise, who practices or assumes to act or hold himself out to the public as a person qualified to practice or carry on the calling of a lawyer within this state, is guilty  of an offense, and shall be fined not to exceed $500, or be imprisoned for a period of not to exceed six months, or both,..." *In Nelson v. Smith*, 107 Utah 382, 154 P.2d 634 (1944).

116.   Mr. Bernacchi cannot practice law in Utah, but he is admitted to practice law in Utah? Is that the OPC's argument? This is nonsensical and yet the basis for the entire multi-year ordeal and for which damages are due.

117.   "On March 4, 2019, the Utah Supreme Court adopted a rule, Rule 11-501, creating a new Oversight Committee for the OPC. Utah Sup. Ct. R. Prof'l Practice 11-501. The committee is comprised of five voting members appointed by the court. The members must include at least one judge, one member of the public, one past chair or past vice chair of the Ethics and Discipline Committee, and one member with an accounting background. The executive director of the Bar is an ex-officio, non-voting member of the committee.

118.   The purpose of the committee is to "assist the OPC in implementing the reforms to the attorney discipline process adopted by the Utah Supreme Court and to provide oversight for the OPC. Rule 11-501(2)(A)."[6]

119.   "Members of the public may tend to believe the OPC is comprised of lawyers protecting lawyers. Members of the Bar charged with violations of the rules may perceive they are the subject of a Star Chamber proceeding. See, e.g., *In re Nicholson,* 791 S.E.2d 776, 778 (Ga. 2016) (highlighting a respondent's claim in state bar disciplinary action that "[t]his is a Star Chamber proceeding…[a]nd you're here to do a hatchet job on me"); see also Bryan Garner, Lawyer Walks Out of Hearing, Misses 10-Year Disbarment Recommendation (June 5, 2008).[7]

---

[6] Utah Supreme Court Forms OPC Oversight Committee by Judge Diana Hagen (Dir. of the OPC Oversight Committee) & Keith A. Call, Esq.
Source: https://www.utahbar.org/wp-content/uploads/2019/05/Hagen_Call.pdf

[7] http://www.abajournal.com/ news/article/lawyer_walks_out_of_hearing_misses_10_year_disbarment_recommendation (last visited Mar. 3, 2019).

120.   The new Oversight Committee, Defendant, may be able to help with this perception on both sides by creating more transparency and recommendations for improvement." (*Id* footnote 1).  But perceptions are not the issue...abuse of power is.  It has failed to provide oversight in the case at bar and is liable.

121.   Currently, "The purpose of the OPC is three-fold: (1) investigate allegations of attorneys violating the Rules of Professional Conduct; (2) prosecute those allegations in accordance with applicable rules; and (3) provide informal guidance to members of the Bar concerning professional conduct. (*Id* footnote 1). Citing See www.utahbar.org/opc/.

122.   So, how does going after Mr. Bernacchi fit into that mission.  It doesn't.

123.   Going after Mr. Bernacchi is completely unreasonable.  And first, all OPC acts, and actions must be reasonable and based on reason.  Wasting everyone's time is just that, and the OPC needs not only reform, but punishment for this.  Rigging justice, lying to courts Ex Parte, and in the face of an objection target, well beyond the time bar requirements, and where jurisdiction was lacking is not normal, or justifiable.  Let old Mr. Bernacchi rest in his retirement in Virginia, he suffered enough harm to his name and reputation, but trying to fight for justice was his right.  The state Third District Court in SLC UT erred by 1) ordering alternative service in March 2020, 2) by finding jurisdiction, and 3) by striking his filings, pleadings, and arguments, and extending punishment he already served.

124.   This kind of purely punitive case is not within the mission and makes the action more criminal than civil.  Many states don't allow trial courts any role in such case for such a reason. Utah has and that hasn't always worked out so well.  Here the Court must reverse the findings of trial court and summarily dismiss this

cause without prejudice.  It may be refiled if Mr. Bernacchi returns to Utah, which no one would ever expect him to do.

125.  Doing anything else would mean that the Utah courts accept that they can violate the Privilege and Immunities Clause of the Constitution, which cannot be allow here.

126.  Application of the Equal Protection Clause would require that no Utah district court jurisdiction in this case, and must result in a finding that this cause of action was more than four (4) years after Mr. Bernacchi concluded his representation of Ms. Perry in Indiana for a fee of $800.00[8] which was refunded to her the first time she requested it be returned, even though she never produced receipt(s), cancel check or any proof of payment and Mr. Bernacchi had no record of her paying him. Further the affidavit of the paralegal confirms he too was never paid by Ms. Perry. Splitting a legal fee with a non-lawyer requires first and foremost that legal fee was paid.

127.  Hiring a subcontracted paralegal is not an act Utah has ever proscribed or punished since it is constitutionally protected.  After In Re Bernacchi, Indiana figured that out and changed its rules.  Even if there was jurisdiction, and there wasn't or Judge Corum most certainly would have acted to hold Mr. Bernacchi in contempt (but he had no power); the exceptions to reciprocity should have precluded this case from ever being filed by the OPC; and matter was barred by the statute of limitations which the OPC kept from disclosing to Chief Justice Matthew Durrant when she petitioned Ex Parte September 9, 2019, misleading him to think

---

[8] No wonder the IL ARDC investigated it initially and called it "chicken shit" not rising to the level...or anything for which Illinois would ever seek reciprocal attorney discipline.  But they did when Bernacchi sought to reinstate in Indiana, after they told him he could practice law in Illinois and provided him Exhibit G attached hereto and incorporated herein by reference.

that 1) this wasn't a case of first impression requiring personal service, and 2) that it was some kind of garden variety case against the typical Utah lawyer, like in the only two cases cited by the OPC in their non-responsive brief filed herein.

128.  If a person, such as Mr. Bernacchi lacks the basic capacity necessary to practice law then he can't be admitted.  Mr. Bernacchi never passed the Utah Bar Exam.  He never practiced law in Utah.  And he resigned his Utah Law License in 2005.  It has been many years since he practiced law, and he has fully retired, not working, and traveling.  He is not a lawyer anywhere.  He is no longer admitted in any reciprocal jurisdiction by September 2019.  Thus, the Utah OPC has no role in his life, period, or can they have one.  The Defendants' overreach is actionable, and they have violated the civil rights of Mr. Bernacchi.

129.  I have a right under 42 U.S.C. § 1983 to damages for violation of my constitutional rights, especially as here under the First, Fifth, Sixth, Seventh, Eighth, and 14th Amendments, all rights Utah and the other Defendants have denied me.

## COUNT I
### Request for TRO Ex Parte, and Preliminary Injunction base on no Utah nexus, necessity, or jurisdiction over the Plaintiff

130.  Plaintiff incorporates all above averments numbered 1 to 129, adding as follows.

131.  Plaintiff is also likely to succeed on the merits of his contentions that the lack of notice to be heard on September 9, 2019, was arbitrary and capricious, and therefore unlawful.

132.  Unlike private citizens, government officials are required by law to engage in reasoned decision making that considers all of the facts and circumstances that are relevant to their consequential policy determinations. Based on the record presented here, the Court will likely find that Utah in its legitimate efforts to protect Utah

Citizens, punishing a non-lawyer is purely harassing, a criminal ruse, punitive and a criminal cause in nature, not a civil action contemplated by any reasonable application of ABA's model rules of professional conduct.

133. Federal courts may disregard a state's disbarment/suspensions if (1) the state procedure lacks notice or an opportunity to be heard, (2) the factual findings are inadequate, or (3) for "some other grave reason." In re Reinstatement of Leaf, 41 F.3d 281, 283 (7th Cir. 1994) (citing Selling v. Radford, 243 U.S. 46, 50-51 (1917)).

134. Utah denied me from being heard by abusing discretion to strike a full year's worth of briefs, pleadings, and proceeds, entering a proscribed, retaliatory, and passionate "Default" order "*Nunc pro Tunc,*" reversing the same judge's earlier *res judicata* decision not to enter default, when the issue of default was not even before that Utah 3rd Dist. Court.

135. This was a complete lack of opportunity to be heard, a false and inadequate factual finding that would require application of the SJ-standard of review, and for this is "some other grave reason."

136. The Plaintiff might suffer irreparable harm in the absence of a preliminary injunction and TRO instanter to stay the Utah court(s) for want of jurisdiction and for their Ex Parte court abuses harassing a non-citizen with no legitimate state need or state interest.

137. Moreover, given the potential for another mistake, essentially resulting in another effectively non-appealable reported court ruling, Plaintiff only seeks to prohibit the application of the OPC's unlawful rules against him and to stop how they are being applied to this Virginian, many miles from Utah—approx. 3000 miles.

**<u>Emergency Request for Temporary Restraining Order Ex Parte and</u>
<u>Then for a  Preliminary Injunction</u>**

Stay all proceeding for the reasons herein above in Utah Sup. Ct. Case 20210034 SC

## COUNT II
**Request for Declaratory Judgment find no Utah Jurisdiction over this Plaintiff, 16 years
removed from Utah and resigned from Utah State Bar, and already effectively suspended for
decades and not requiring any procedure
to suspend him, again.**

138.   Plaintiff incorporates all above averments numbered 1 to 137 and adds as follows.

139.   This Court has the power to order a remedy, and has jurisdiction to grant
declaratory and further proper relief pursuant to 42 U.S. Code § 1983, 18 U.S.C.A. §§
1961-1968, and 28 U.S.C. §§ 2201-2202 and Federal Rules of Civil Procedure 57 and
65.

140.   Even if Utah had jurisdiction, Utah's Rule excepting reciprocal discipline applies
because Mr. Bernacchi case from Indiana qualifies for a Utah exception to Reciprocal
Discipline under the Rule 14-522: Having been illegally denied a full hearing in
Indiana, the OPC does not say why Mr. Bernacchi does not qualify for an exception.

141.   There is no doubt it is not fundamentally fair that, I, Mr. Bernacchi was placed in
an illegal Perjury Trap by Indiana to force a confession or be jailed, which is not due
process, and the main reason Mr. Andrew Straw filed a sworn Amicus Brief or
attempted to in my Utah case.  He was a former employee of the Indiana Supreme
Court with actual knowledge of denial of due process to accused lawyers by Indiana.

142.   The Clerk of the SCOUT, Ms. Gray did not docket filings and breach her oath of
office, causing much damages and a lack of review of motions, pleadings and filings.

## COUNT III
### Unconstitutionality of Utah's Acts denied Plaintiff equal protection of the law, in violation of the Fourteenth Amendment

143.   Plaintiff incorporates all above averments numbered 1 to 143 and adds as follows.

144.   The Utah Supreme Court has even stated, "given our unique position regarding attorney discipline, we make an independent determination as to the correctness of the level of discipline actually imposed" *Utah State Bar v. Bates (In re Bates)*, 391 P.3d 1039, 1044 (Utah 2017), noting it must provide 1) equal protection and 2) actual due process.

145.   Actual Due Process is required, not "some measure," or some perception of due process, but actual due process.

146.   On the record, Judge Corum admitted he wanted to create the appearance of "some measure of due process" on the record at his district court's virtual hearing, which was inaudible, and not a real hearing due process hearing, or fair.

147.   That is the only fact this Plaintiff need marshal to prevail on the merits.

148.   Application of the Equal Protection Clause would require no district jurisdiction in this case and a finding that this cause of action was more than four (4) years after Mr. Bernacchi concluded his representation of Ms. Perry in Indiana, requiring the same SOL for Bernacchi as actual Utah lawyers.

149.   Utah has a 5-year SOL in all DI matters, and it was only four (4) years prior to amending in December 2020.

150.   It had been more than six (6) years since Mr. Bernacchi represented Ms. Sharon Brown Perry and since she told him to withdraw his representation of her on July 31, 2013, when the OPC started this case admittedly in September 2019.

151.   Utah's District Courts don't have subject matter jurisdiction over DI matters if they apply the Equal Protection protections of the US Constitution here.

152.   That Even though the Utah State Constitution is clear because of pre-1985 case law and concurrent and overlapping jurisdiction, there has been a history of court confusion here. See, *e.g. Injured Workers Ass'n of Utah v. State,* 374 P.3d 14, 21 n.6 (Utah 2016) *footnote no. 6:* referencing errors and confusion in *In re Discipline of McCune,* 717 P.2d 701, 705 (Utah 1986), abrogated on other grounds by *Monson v. Carver,* 928 P.2d 1017 (Utah 1996).

153.   There has been unacceptable confusion in Utah for the past two (2) decades.

154.   In 2017, at the direction of the Utah Supreme Court, the American Bar Association ("ABA") conducted a review of the entire Utah disciplinary system; yet the "first steps" taken did not fix the Constitutional due process and equal protection clause requirements, and likely make them worse, for Reciprocal Discipline Cases.

155.   The OPC even with its own website and new Oversight Committee still files these cases the same as it has for years even before the Amended Constitution. (See the more things change, the more they stay the same, until someone's ox is gored badly enough that they raise Cain.)

156.   Many Utah DI Rules were amended in 12/2020 and in 6/2021.

157.   The defective process of district court review of Attorney Discipline has not stopped to conform with the Constitution or case law, which says:

"[W]e take this opportunity to emphasize that the Utah Constitution is clear in its pronouncement that this court controls the practice of law. Under article VIII, section 4 of the Utah Constitution, we have the exclusive constitutional mandate to do so."" *Injured Workers Ass'n of Utah v. State,* 374 P.3d 14, 20 (Utah 2016).

153.   Quite simply, the fact is in Third District, the court's analysis in Bernacchi's case "low jumps" over all the "threshold" issues of jurisdiction, mootness, or ripeness, timeliness, the existence of any Nexus or any state interest, ignoring objections to jurisdiction and the court's own standing under the Utah Constitution.

37

154.   The Dissent in *Barnard* is so eloquently on point with respect to this issue that I, Mr. Bernacchi, am challenging now:

> "This case [the *Barnard* case] also addresses the issue of district court subject matter jurisdiction over Bar disciplinary matters and holds that the district courts have no such jurisdiction. Recently, this Court promulgated new Rules of Lawyer Discipline and Disability, 214 Utah Adv.Rep.3 (1993), effective July 1, 1993, which expressly give district courts power over attorney disciplinary matters. In my view, the Court's ruling in this case is inconsistent with those rules on the issue of jurisdiction. **This [Utah Supreme Court] Court has no power under Article VIII of the Utah Constitution to control the jurisdiction of district courts. (Bold added)** Article VIII, section 4 provides, "The Supreme Court by rule shall govern the practice of law, including admission to practice law and the conduct and discipline of persons admitted to practice law." Neither that language nor the language in the same section giving the Court power to promulgate rules of evidence and procedure confers on us the power either to control the jurisdiction of district courts or to confer jurisdiction on district courts. *Barnard v. Utah State Bar*, 857 P.2d 917, 921 (Utah 1993).

155.   I would have challenged it much earlier had I not been very sick had to travel for my wife's employment, and I wanted to fully cooperate, file all briefs, and exhaust all administrative remedies, hoping to achieve justice.  And also, I don't have ready access to office equipment, legal research, internet or legal staff, or ink and a printer.  This document was produced at Kinkos on Barracks Road.

156.   Plus, I did not have any notice of the September 9, 2019, Ex Parte venue hearing or was given the Utah Constitutionally protected right to appeal until now.

157.   I was prejudiced by not having been given notice of said hearing on jurisdiction and venue, denying me due process and equal protection and by the Judge Patrick Corum, who ruled on the record before addressing the many threshold issues, which is on appeal to a disassembled SCOUT, incapable now of being Constitutional.

### COUNT IV
**The Unconstitutionality of Utah's Acts denied Plaintiff Due Process and fundamental fairness.**

153.   Plaintiff incorporates all above averments numbered 1 to 152, adding as follows.

154.   The civil right of the Plaintiff were violated because Utah's Statutes, rules and district courts are Unconstitutional, must be declared so, and certain Rules must be repealed, and further, Utah violated the Privileges and Immunities Clause to harm and harass a non-citizen of Utah, who divested his Utah property and resigned his unused law license in an earlier decade, and Utah has placed an undue burden on Interstate Commerce by extending Plaintiff's court ordered term of suspension which is not reciprocal but additional and unwarranted punishment without providing him access to legal counsel or a jury

155.   Utah Statutes, Rules, and their improper application have deprived Plaintiff of his property right in Illinois without due process of law, in violation of the Fourteenth Amendment and in violation of the Privileges and Immunities Clause.

156.   Utah has acted to place an undue burden upon interstate commerce, in violation of Art. I, § 8, of the United States Constitution, and outside the scope of their office powers and duties its named defendant employees have conspired and are engaged in Civil Rico to defraud a Utah trial court into ordering service by alternative means, *i.e.,* notice of the summons by publication to defame the defendant in a community had once lived and ran for public office, while knowing he was no longer living or physically present in South Bend, Indiana.

157.   There are two (2) state court case pending in Utah today for defamation and fraud, under the color of state law, but those pendent state claims may be best litigated here in a neutral tribunal, if dismissed without prejudice to refile which appears to be the eventual outcome of those current cases, as pendant state claims here.

158.   Criminal fraud, conspiracy to commit fraud, and wire fraud are the predicate crimes for pleading RICO and Civil RICO special damages, bad faith, and punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** I, Doug Allen Bernacchi the Plaintiff, respectfully prays this Court for judgment against Defendants, and that the Court:

a.      Issue an Ex Parte Stay of Proceeding in Utah Supreme Court Case No. 20210034 SC and then a permanent injunction finding the Utah Case was barred by the SOL and for the other abuses that occurred in Utah denying due process and civil rights;

b.      Order Defendants to find they have no jurisdiction in a case for reciprocal attorney discipline against a non-lawyer and to dismiss same with prejudice or without prejudice in the event the Plaintiff ever does apply to practice law or be admitted to practice law in Utah in the future, applying the required reasonable standard for DI cases;

c.      Find the denial of due process and other serious Constitutional violations by the Defendants against the Plaintiff as pled;

d.      Find that the record also supports a finding that the fear caused by governmental officials acting outside the scope of their powers;

e.      Order Defendant Utah OPC to produce all records of involving the Plaintiff as soon as practicable;

f.      Enjoin Defendants from improperly continuing the prosecution of the Plaintiff because Plaintiff has demonstrated that he has been subjected to unlawful court abuse, might suffer irreparable harm in the absence of injunctive relief;

g.      Declare and find that all the named Defendant engaged in Civil RICO;

h.      Declare and find that Defendants' denial of Constitutional Rights sufficient to award damages and determine at by a jury the sum of said damages due the Plaintiff, who has pled **$1,000,000** in damages, bad faith, special and punitive damages, actual compensatory damages in excess of $250,000.00 for fraud on the court by Defendant's Lee, Adam Bevis, deceased substituted by his estate PR and *inter vivos* Trust  Successor Trustee, Nancy Sylvester, Chris Davies, The Utah State BAR, Heather Thuet, Elizabeth Wright HEATHER THUET, ELIZABETH WRIGHT, UTAH OPC and its advisory board;

i.      While the named Justices and Utah be stayed and declared lacking any and jurisdiction necessary to continue to act in In Re Doug Bernacchi, Utah Sup. Ct. Case 20210034 SC;

j.      Rule on Pendent state claims for *Per se* Negligence by Elizabeth Wright and Laura Gray for filing a false Police report in Utah against a citizen of the Commonwealth of Virginia, and award separate damages;

k.      Award Plaintiffs reasonable attorneys' fees, if any are eventually incurred, and other litigation costs pursuant section 1983, and any other applicable statute or regulation; and

l.      Grant such other relief as the Court may deem just, equitable, and appropriate.

April 11, 2022                    Respectfully submitted,


/s/Doug Allen Bernacchi
Doug Allen Bernacchi, *Pro se*
Plaintiff
760 Walker Sq., Apt 4B
Charlottesville, VA 22903
(540) 324-8444
dbernacchi@gmail.com

## VERIFICATION

I, Doug Allen Bernacchi, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: **04/11/2022**.


**/s/Doug Allen Bernacchi**
Doug Allen Bernacchi, BSFS, MBA, JD
*Pro se* Plaintiff

## CERTIFICATE OF SERVICE

I, Doug Allen Bernacchi, certify that I hand delivered and flat filed over the counter the above COMPLAINT FOR TRO, Declaratory Relief and damages, and COVERSHEET filed Clerk of this District Court on **April 11, 2022.** The Court is requested to enter these documents, and assign a case number/ ( Once entered, these documents should be available on Pacer.gov for all parties & attorneys of record to see per the procedures of the Court.)

/s/Doug Allen Bernacchi
Doug Allen Bernacchi, *pro se*